UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>    Defendant. | Case No. 25-cv-06950-WHO<br><br>**ORDER GRANTING MOTION TO AWARD COSTS AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 41, 42, 43, 45, 46, 47 |

Defendant ABC Legal Services, LLC ("ABC") moves for an award of costs after defending itself in this "frivolous" lawsuit. In response, plaintiff George Jarvis Austin ("Austin") seeks to sanction ABC under Federal Rule of Civil Procedure 11. Because I agree with ABC that Austin is a vexatious litigant, and because I find that ABC has not engaged in any sanctionable conduct, I GRANT the motion for costs and DENY the motion for sanctions.

**LEGAL STANDARD**

**Motion for Costs**

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" of an action. However, district courts maintain discretion to award costs when a party seeks voluntary dismissal. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037–38 (8th Cir. 2001). "In determining whether to award costs . . . to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (cleaned up; internal citation omitted). Courts may also consider the

"merits of the plaintiff's case" in determining whether to award costs after voluntary dismissal. *See id.*

**Motion for Sanctions**

Federal Rule of Civil Procedure 11(b) requires that attorneys present arguments that are not improper or frivolous. Fed. R. Civ. P. 11(b). In determining whether a party has violated Rule 11, courts apply a reasonableness standard. *See Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). A showing of subjective bad faith is not required. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "empty head, pure heart" defense); *see also Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir.1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (stating that the certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith").

The court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). If, after notice and a reasonable opportunity to respond, the court determines that FRCP 11(b) has been violated, the court is permitted to impose sanctions, which may include monetary sanctions to the court or an order to pay reasonable attorneys' fees to the opposing party. *Id.*

**DISCUSSION**

**I.     Motion for Costs**

ABC seeks $840.00 in costs it was "forced to incur in its defense of this *fourth* meritless action" brought by Austin. *See* Defendant ABC Legal Services, LLC's Motion for Costs [Dkt. No. 41-1] at 1 (emphasis in original). It maintains that Austin is a "vexatious litigant" who has asserted "nearly identical claims" in numerous lawsuits brought against ABC over the past four years. *Id.* ABC provided documentation showing it incurred $435.00 in costs to remove this action from state court, as well as $405.00 to litigate in federal court. *See id.*; Bill of Costs [Dkt. No. 40].

Austin did not file an opposition to ABC's motion for costs, although he seems to acknowledge the motion in his own motion for sanctions. *See* Sanctions Warning on Defendant

1  ("Sanctions Mot.") [Dkt. Nos. 42–43].  There, he alleges that ABC is engaging in
2  "gamesmanship" by seeking a bill of costs, despite this Court allegedly "completely lack[ing]
3  Federal Jurisdiction."  *Id.* at 2.

4         As explained in my order terminating this case, *see* Dkt. No. 39, I did not rule on the
5  question of jurisdiction.  Nonetheless, I have jurisdiction over "collateral issues after an action is
6  no longer pending," including the awarding of costs.  *See Cooter & Gell*, 496 U.S. at 395.  With
7  that in mind, I agree with ABC that it is entitled to the full $840.00 in costs.  While costs are
8  normally awarded to a prevailing party in a dispute, *see* Fed. R. Civ. P. 54(d)(1), courts may also
9  award costs to a party after voluntary dismissal.  *See Santa Rosa Mem'l Hosp. v. Kent*, 688 Fed.
10 App'x 492, 494 (9th Cir. 2017).  Here, ABC was forced to defend itself against a fourth, nearly
11 identical lawsuit filed by the same "vexatious litigant."  *See Austin v. Geo. Univ., et al.*, No. 24-
12 6943 (9th Cir. June 27, 2025) (declaring Austin to be a vexatious litigant); *Austin v. Geo. Univ.*,
13 No. 21-16191 (9th Cir. May 22, 2023) (same).  The costs sought by ABC are reasonable under the
14 circumstances and under the *Williams* factors.  *See* 227 F.R.D. at 540.  ABC's motion is
15 GRANTED.

16     **II.**    **Motion for Sanctions and Removal of Counsel**

17        Austin seeks sanctions against ABC's counsel and, if necessary, removal of counsel.
18 Sanctions Mot. at 6.  He maintains that ABC engaged in "gamesmanship" by "vexatiously,
19 knowingly, and willfully" removing this case to federal court, despite "knowing" that his
20 complaint asserted only state law claims.  *Id.*

21        In response, ABC contends that it is "unclear from the motions what, exactly, [Austin]
22 contends are grounds for sanctions."  Defendant ABC Legal Services, LLC's Opposition to
23 Plaintiff's Motion for Sanctions [Dkt. No. 45] at 2.  On the issue of jurisdiction, ABC points out
24 that removal was proper because the complaint included a claim under 42 U.S.C. § 1981, meaning
25 there was federal question jurisdiction.  *Id.*  Even so, ABC contends, questions about jurisdiction
26 are moot since Austin's case has been voluntarily dismissed.  *Id.* at 3.

27        I agree with ABC.  Austin has not provided any legal authority to support his claim that
28 ABC should be sanctioned.  The case on which Austin appears to principally rely, *Royal Canin*

3

*U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), is factually inapposite. In *Royal Canin U.S.A.*, the Supreme Court concluded that if a state court case was removed to federal court on grounds of diversity jurisdiction, and "after removal, the plaintiff amends [their] complaint to delete all . . . federal-law claims," the federal court "loses its supplemental jurisdiction over the related state-law claims" and the case "must therefore return to state court." *Id.* at 25–26. Here, Austin's case was removed to federal court on the grounds of diversity jurisdiction, as he raised a claim under 28 U.S.C. § 1981, a federal statute. *See* Notice of Removal [Dkt. No. 1] at 2; Ex. A Complaint ("Compl.") at 133. While Austin appears to have later amended his complaint to remove the § 1981 claim, *see* Dkt. No. 8, this cause of action was certainly in the complaint at the time of removal. *See* Compl. at 133. Based on this, ABC could not have filed for removal "knowing that the Operative Complaint [was] 100% California State Claims" as Austin suggests. *See* Sanctions Mot. at 6. Accordingly, sanctions are not warranted.

## CONCLUSION

ABC's motion to award costs is GRANTED. Austin shall pay to ABC costs in the amount of $840.00. Austin's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: October 20, 2025



William H. Orrick
United States District Judge